UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GERTRUDE CRISP<br>3701 Sedan Crabtree Road<br>Lucasville, OH 45648 | Case No.<br>Judge |
| Plaintiff | |
| V. | |
| SCIOTO AMBULANCE DISTRICT<br>57 Baker Street<br>McDermott, OH 45652 | **COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |
| Defendant | |

Plaintiff Gertrude Crisp ("Plaintiff") through Counsel, and for her Complaint for Damages against Defendant Scioto Ambulance District ("Defendant"), hereby states as follows:

## INTRODUCTION

1. This is an action for actual damages, statutory damages, and legal fees and expenses filed by Plaintiff against Defendant for Defendant's improper actions and conduct which are not in compliance with Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000 *et seq.*, as amended by the Civil Rights Act of 1991(Title VII) and the Ohio Civil Rights Act, Ohio Revised Code § 4112.01 *et seq*.

## PARTIES

2. Plaintiff Crisp is a resident of Scioto County, Ohio, where she resided during the period of time relevant to this lawsuit.

3. Defendant Scioto Ambulance District was established in accordance with R.C. § 505.71 and is governed by a Board of Trustees pursuant to the laws of the state of Ohio.

4. Defendant was an employer of Plaintiff for all purposes of liability in this lawsuit.

## JURISDICTION AND VENUE

5. Plaintiff's claims arise under both federal and Ohio state law.

6. This Court has federal subject matter jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000 *et seq.*, as amended by the Civil Rights Act of 1991 (Title VII) and 28 U.S.C. § 1331, as Plaintiff's Title VII claim constitutes a federal question.

7. This Court has supplemental jurisdiction over the state law claims for sexual harassment and retaliation in violation of the Ohio Civil Rights Act, R.C. § 4112.1, *et. seq.*, asserted herein under 1367(a).

8. This Court location is the proper venue for this action under 28 U.S.C. § 1391(b).

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because (a) Plaintiff is a resident in this District and (b) all or a substantial part of the events giving rise to the claims in this lawsuit occurred in Scioto County, Ohio.

## FACTUAL ALLEGATIONS

10. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs as if fully rewritten herein.

11. Plaintiff was employed by Defendant during the incidents at issue in this lawsuit.

12. Since approximately 2018, Plaintiff was sexually harassed by coworker Joshua Gullett ("Gullett").

13. Shortly after Gullett began sexually harassing Plaintiff in or around 2018, Plaintiff complained to Defendant's managerial employees of the sexual harassment.

2

14. In response to Plaintiff's complaint of sexual harassment, Defendant reassigned Gullett to a different work shift.

15. Despite Gullett being reassigned to another shift, he continued to sexually harass Plaintiff.

16. In or around mid-2022, Plaintiff had a conversation with two newly hired female coworkers. Plaintiff warned these two coworkers that Plaintiff encountered a significant number of perverted and/or predatory male coworkers in their line of work. During this conversation, Plaintiff also specifically informed the two coworkers about Gullett sexually harassing her. She also mentioned sexually inappropriate action taken by Gullett towards her. Plaintiff then showed the two coworkers a publicly available social media profile from a sex solicitation website wherein Gullett posted nude, sexually explicit photographs of himself and his wife, along with messages that he is seeking new additional sexual partners.

17. Crisp took this action in order to warn her coworkers of Gullett's inappropriate behavior and motives.

18. At all relevant times, Defendant was the employer of Gullett.

19. On or around July 3, 2022, Defendant terminated Plaintiff for warning her coworkers of the sexually inappropriate behavior by showing them the nude and sexually suggestive photographs posted by Gullett on a publicly available social media site. Exhibit 1.

20. Plaintiff experienced severe and pervasive sexual harassment while employed by Defendant.

21. Defendant knew or should have known about its employees sexually harassing Plaintiff but did not properly address it.

22. Defendant refused to take proper action to prevent its employees from creating and fostering a sexually hostile work environment.

23. Plaintiff has exhausted the available administrative remedies.

## COUNT I: SEXUALLY HOSTILE WORK ENVIRONMENT

**(Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)**

24. The Plaintiff restates and alleges the allegations contained in the preceding paragraphs as if fully restated herein.

25. Plaintiff timely filed charges for this count with the Equal Employment Opportunity Commission ("EEOC").

26. After the EEOC issued and delivered Plaintiff's right to sue letter on February 14, 2023, Plaintiff timely filed this lawsuit within 90 days of receipt.

27. All administrative prerequisites to the filing of this lawsuit are satisfied.

28. As set forth in the preceding paragraphs, Defendant subjected Plaintiff to a sexually hostile work environment in violation of Title VII.

29. Defendant created and fostered a severe and pervasive sexually hostile work environment that consisted of, among other things, (a) numerous unwanted sexual comments made to and about Plaintiff, (b) numerous unwanted sexual advances made to Plaintiff and (c) failure to adequately prevent and correct sexually harassing behavior.

30. Because the sexual harassment at issue was open and notorious and because Plaintiff complained, Defendant's management either knew or should have known about the sexual harassment, yet failed to take appropriate remedial action. Defendant did not take reasonable steps to prevent and correct the harassment even after Plaintiff complained.

31. Defendant is liable for the sexual harassment committed by Gullett.

32. Defendant terminated Plaintiff because she complained about and opposed a sexually hostile work environment, attempted to warn other coworkers of the sexual harassment she had experienced, and otherwise asserted her rights to be free from a sexually hostile work environment.

33. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages, emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

34. Defendant intentionally engaged in the above-described discriminatory practices with malice and/or reckless indifference to the legally protected rights of Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant. Plaintiff seeks relief as set forth below.

### COUNT II: RETALIATION

**(Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)**

35. The Plaintiff restates and alleges the allegations contained in the preceding paragraphs as if fully restated herein.

36. Plaintiff timely filed charges for this count with the EEOC.

37. After the EEOC issued and delivered Plaintiff's right to sue letter on February 14, 2023, Plaintiff timely filed this lawsuit within 90 days of receipt.

38. All administrative prerequisites to the filing of this lawsuit are satisfied.

39. As set forth in the preceding paragraphs, Defendant subjected Plaintiff to retaliatory termination in violation of Title VII after and because she complained about and opposed a

sexually hostile work environment, attempted to warn other coworkers of the sexual harassment she had experienced, and otherwise asserted her rights to be free from a sexually hostile work environment.

40. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages, emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

41. Defendant intentionally engaged in the above-described discriminatory practices with malice and/or reckless indifference to the legally protected rights of Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant. Plaintiff seeks relief as set forth below.

### COUNT III: SEXUALLY HOSTILE WORK ENVIRONMENT
**(Ohio Civil Rights Act, R.C. § 4112.1, *et. seq.*)**

42. The Plaintiff restates and incorporates all of his statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

43. Defendant created and fostered a severe and pervasive sexually hostile work environment in violation of the Ohio Civil Rights Act, including R.C. § 4112.02(A), based on sex that was sufficiently severe and pervasive enough to affect the terms and conditions or privileges of employment (or any matter directly related to employment) that consisted of, among other things, (a) numerous unwelcomed sexual comments made to and about Plaintiff, (b) numerous unwelcomed sexual advances made to Plaintiff, and (c) the failure to adequately prevent and correct sexually harassing behavior.

44. Because the sexual harassment at issue was open and notorious and because Plaintiff complained, Defendant's management either knew or should have known about the sexual harassment, yet failed to take appropriate remedial action. Defendant did not take reasonable steps to prevent and correct the harassment even after Plaintiff complained.

45. Defendant is liable for the sexual harassment committed by Gullett.

46. Defendant terminated Plaintiff because she complained about and opposed a sexually hostile work environment, attempted to warn other coworkers of the sexual harassment she had experienced, and otherwise asserted her rights to be free from a sexually hostile work environment.

47. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages, emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

## COUNT IV: RETALIATION

**(Ohio Civil Rights Act, R.C. § 4112.1, *et. seq.*)**

48. The Plaintiff restates and incorporates all of his statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

49. As set forth in the preceding paragraphs, Defendant subjected Plaintiff to retaliatory termination in violation of the Ohio Civil Rights Act, including R.C. § 4112.02(I), after and because she complained about and opposed a sexually hostile work environment, attempted to warn other coworkers of the sexual harassment she had experienced, and otherwise asserted her rights to be free from a sexually hostile work environment.

50. As a direct and proximate result of Defendant's violations, Plaintiff suffered lost wages emotional distress, anguish, and mental and physical pain and suffering. Therefore, Plaintiff is entitled to recover compensatory damages for past, present, and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment to life to the maximum extent and amount by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gertrude Crisp respectfully requests that this Court enter an Order granting judgment against Defendant Scioto Ambulance District:

A. For declaratory judgment that Defendant violated Plaintiff's rights under Title VII and Ohio Revised Code §§ 4112.02(A) and 4112.02(I);

B. For an Order that Plaintiff be reinstated to her employment;

C. For an award of economic damages in the maximum amount for lost wages and benefits, monetary losses, back pay, front pay, liquidated damages, punitive damages, exemplary damages, and all other damages allowed by law;

D. For an award of non-economic damages including for emotional and physical pain, suffering, inconvenience, mental anguish, and loss and enjoyment to life.

E. For an award of Plaintiff's reasonable attorneys' fees and costs;

F. For an award of pre-judgment and post-judgement interest; and

G. All such further and other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

        Respectfully Submitted,

/s/Alisa Adams, Esq.
Alisa R. Adams (98503)
Adams Law Practice, LLC
P.O. Box. 1834
Cleveland, Ohio 44106
(216) 926-0065
Alisa.Adams@hotmail.com

/s/Matthew J. Clark, Esq.
Matthew J. Clark
Gregory, Moore, Brooks & Clark, P.C.
28 West Adams Ave., Suite 300
Detroit, MI 48226
(313) 964-5600 (Telephone)
(313) 964-2125
Matt@unionlaw.net
*Application for pro hac vice admission forthcoming*

May 8, 2023       *Attorneys for Plaintiff*